UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADRIENNE LUCILLE YOUNG,<br><br>　　　　　　　Plaintiff,<br><br>-against-<br><br>WILLIAM WEIR; MAZAK CORPORATION,<br><br>　　　　　　　Defendants. | 25-CV-5726 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in South Windsor, Connecticut, brings this action *pro se*. Plaintiff asserts claims for employment discrimination, under Title VII of the Civil Rights Act of 1964 and Connecticut state law. She alleges that Defendants discriminated against her on the basis of her race at her employment in Connecticut. For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406, to the United States District Court for the District of Connecticut.

**DISCUSSION**

Title VII includes a venue provision, which provides that claims may be brought

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

Plaintiff alleges that Defendant discriminated against her at her employment in Connecticut. (ECF 1 at 3.). Nothing in the complaint suggests that any unlawful employment practice occurred in this district, that any employment records are maintained in this district, that

she would have worked in this district but for the unlawful employment practice, or that Defendant maintains its principal office in this district. Venue of Plaintiff's Title VII claims therefore is not proper in this district under Section 2000e-5(f)(3).

If a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff alleges that her employer discriminated against her at her work in Windsor Locks, Connecticut, which is in the District of Connecticut. *See* 28 U.S.C. § 86. Accordingly, venue is proper, under Section 2000e-5(f)(3), in the District of Connecticut. In the interest of justice, the Court transfers this action to the United States District Court for the District of Connecticut, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Connecticut. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes the case in the Southern District of New York.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 15, 2025
         New York, New York

                                               /s/ Laura Taylor Swain
                                               LAURA TAYLOR SWAIN
                                               Chief United States District Judge